IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONDA RUSSELL and NEPHRA RUSSELL,

Plaintiffs,

vs.

PITTSBURGH PUBLIC SCHOOLS, and CONROY EDUCATION CENTER, KAYE CUPPLES, RUDLEY MRVOUS, MICHELE VENTURA,

Defendants.

Civil Action No. 05-27
Judge David S. Cercone/
Magistrate Judge Sensenich
Re: Doc. No. 12

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is recommended that the motion to dismiss filed by Defendants be granted, and that this action be dismissed without prejudice.

II. REPORT

A. The Allegations of the Complaint

Plaintiffs in this case, Rhonda Russell ("Mother") and Nephra ("Daughter"), are proceeding *pro se*. In their Complaint against Defendants Pittsburgh Public Schools, Conroy Education Center, Kaye Cupples, Rudley Mrvous, and Michelle Ventura, Plaintiffs allege the following:

> 3. On November 19, 2003 Conroy Education Center hand gave me a letter stating Nephra could not return to school until she received mental treatment, this continued through October 1, 2004 March 24, 2004 Conroy

> Education Center filed for Truancy on May 5, 2004 I was ordered to pay $193.40 fine.
>
> 4. April 13, 2004 Children Youth and Families sent me a letter for truancy and a home visit August 5, 2004 I asked Conroy to pay for Nephra a Private School Pressley Ridge August 13, 2004 I filed a Complaint with the Bureau of Special Education May 23-June 3, 2004 Nephra was in a mental facility October 11, 2004 I put Nephra in a mental facility again October 15, 2004 the Bureau of Special Education violated Conroy for Compensatory Education
>
> 5. October 15 2004 both Conroy and Children Youth and Families filed for a restraining order against me to take Nephra out of the hospital and an emergency shelter hearing I did not find out until 10/14/04 November 5, 2004 hearing the judge court ordered Nephra to remain in mental facility and Respite for 90 days the next hearing is 2/4/05 I have weekly supervised visits at Children Youth and Families

(Compl. (Doc. No. 1) ¶¶ 3-5.) They demanded judgment against Defendants for damages of five million dollars and any other relief that the court deemed appropriate, but subsequently amended their Complaint to strike their demand for money damages in the amount of five million dollars. (See Doc. Nos. 3 & 5.) Plaintiffs invoke the jurisdiction of this Court pursuant to 22 Pa. Code § 14.143(b), 34 C.F.R. § 300.519(a)(b), and 34 C.F.R. § 300.520(b)(1)(ii)(2).[1]

---

1. Section 14.143 of Title 22 of Pennsylvania's Administrative Code addresses educational placement provided for by special education services and programs, specifically the disciplinary placement of students.

(continued...)

Defendants have filed a motion to dismiss in which they challenge this Court's subject matter jurisdiction on the ground that "the *Rooker-Feldman* Doctrine divests the District Court of subject matter jurisdiction." In addition, Defendants request dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

B. Lack of Subject Matter Jurisdiction and the *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." *Knapper v. Bankers Trust Co.*, 407 F.3d 573, 580 (3d Cir. 2005) (internal footnote omitted). The Supreme Court of the United States recently held that its application is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

---

1. (...continued) Subsection (b) states that "[a] removal from school is a change of placement for a student who is identified with mental retardation, . . . ." Subsections (a) and (b) of section 300.519 of Title 334 of the Code of Federal Regulations define change of placement in the context of disciplinary removals of children with disabilities. Subsection (b)(1)(ii)(2) of section 300.520 of the Code of Federal Regulations addresses school personnel's authority to develop appropriate behavioral interventions to address the behavior that resulted in the change of placement of the student.

district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S.Ct. 1517 (Mar. 30, 2005). Specifically, the *Rooker-Feldman* doctrine bars the prosecution in federal court of any federal claims that have been litigated in a prior state court action. *Knapper*, 407 F.3d at 580. The Doctrine also bars the prosecution of any federal claim that is "inextricably intertwined" with the state court adjudication. *Id.*

> A plaintiff's claim for relief in a federal action is "inextricably intertwined" with an issue adjudicated by a state court under two circumstances: (1) "when in order to grant the federal plaintiff the relief sought, the federal court must determine the state court judgment was erroneously entered" and (2) when "the federal court must . . . take action that would render [the state court's judgment ineffectual."

*Desi's Pizza Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 421 (3d Cir. 2003) (alterations in original) (quoting *FOCUS v. Allegheny Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996)).

In the instant case, Plaintiffs' complaint is vague and fails to identify any specific claims against any of the named Defendants. In fact, few facts can actually be gleaned from the complaint. Because Plaintiffs are proceeding *pro se*, however, their pleadings must be construed liberally. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Thus, to the extent

Mother seeks to reverse the decision of the state court judge as to custody of her daughter as well as her visitation rights (in paragraph 5 of their Complaint Plaintiffs allege that the judge ordered that Plaintiff Daughter "remain in mental facility and Respite for 90 days the next hearing is 2/4/05 I have weekly supervised visits"), her claims are barred by the *Rooker-Feldman* Doctrine. Accordingly, this Court lacks subject matter jurisdiction as to these claims.

C. Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted Pursuant to Rule 12(b)(6)

The *Rooker-Feldman* doctrine does not act as a bar to claims that do not require the federal court to "determine that the state court judgment was erroneously entered." *FOCUS*, 75 F.3d at 840. Nor does the *Rooker-Feldman* doctrine act as a bar to those claims where the relief sought does not require the federal court to "take action that would render [the state court] judgment ineffectual." *Id.* In this context, Defendants' 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted will be addressed.

"Given the Federal Rules' simplified standard for pleading, "'[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King &*

*Spaulding*, 467 U.S. 69, 73 (1984)).[2] In other words, "[t]he question . . . is whether 'the facts alleged in the complaint, even if true, fail to support the . . . claim.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988)). To survive a motion to dismiss, a plaintiff must set forth information from which each element of a claim may reasonably be inferred. *Id.* However, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable inferences that can be drawn from them, and to view them in the light most favorable to the plaintiff. *Bensalem Township v. International Surplus Lines*, 38 F.3d 1303, 1308 (3d Cir. 1994) (citing *Blaw Knox Retirement Income Plan v. White Consolidated Industries, Inc.*, 998 F.2d 1185, 1188 (3d Cir. 1993)). The defendant bears the burden of establishing that the complaint fails to state a

2. Rule 8(a) requires (1) a short and plain jurisdictional statement; (2) a short and plain statement of the claim that shows the pleader is entitled to relief; and (3) a demand for judgment for the relief sought. FED.R.CIV.P. 8(a). A complaint that gives a respondent fair notice of the basis for the petitioner's claims satisfies the simplified notice pleading requirements of Rule 8(a). *Swierkiewicz*, 534 U.S. at 514.

claim upon which relief can be granted. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Even construing the Complaint especially leniently given Plaintiffs' *pro se* status, their Complaint fails to state a cognizable claim under the pleading requirements of Rule 8(a). A finding that Plaintiffs' Complaint alleges claims beyond those that challenge Daughter's educational placement and Mother's custody and visitation rights far exceeds this Court's obligation to liberally construe the Complaint.[3] The Complaint merely describes some events that occurred in connection with the placement of the Daughter, her removal from her Mother's custody, and, Mother's visitation rights. Thus, construing Plaintiffs' Complaint liberally and accepting as true the facts they set forth there, no claims other than those challenging educational placement, custody and visitation rights, may reasonably be inferred from the Complaint. As such, Defendant's Motion to Dismiss should be granted and Plaintiffs' Complaint should be dismissed without prejudice, albeit without prejudice, to allow pro se Plaintiffs a reasonable opportunity to cure the deficiencies in their Complaint. See *Shane v. Fauver*, 213 F.2d

3. *E.g.*, a claim under the Individuals with Disabilities Education Act (the "IDEA") for denial of a free appropriate public education, 20 U.S.C. § 1401 *et seq.*; claims under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12117 or the Rehabilitation Act, 29 U.S.C. § 794; or civil rights violations under 42 U.S.C. § 1983

113, 116 (3d Cir. 2000) (citing *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985)). If prior to dismissal of this action Plaintiff files an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure, the amendment would moot Defendants' motion to dismiss, this report and recommendation would be rescinded, and this action would proceed on the amended complaint. Further, dismissal without prejudice would enable Plaintiffs to file a new action without this case barring it through claim or issue preclusion.

III. CONCLUSION

For the reasons discussed above, it is recommended that the motion to dismiss filed by Defendants be granted, and that this action be dismissed without prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

s/Ila Jeanne Sensenich
ILA JEANNE SENSENICH
U.S. Magistrate Judge

Dated: November 17, 2005

Notice sent electronically or via U.S. mail to:

Ronda Russell
901 B Drive, Apartment 919
West Mifflin, PA 15122

Paul D. Krepps, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
600 Grant Street, Suite 2900
Pittsburgh, PA 15219